**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-20598-cr-Ungaro**

**UNITED STATES OF AMERICA**

**v.**

**JOSEF SEVER,**

                    **Defendant.**
_____/

**UNITED STATES OF AMERICA'S RESPONSE TO
STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order [ECF No. 12].

This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and

is numbered to correspond with the Order.

A.   1.   A recorded statement by defendant was produced to defense counsel by electronic mail on August 20, 2012. The undersigned currently possesses no written statements by defendant.

2.   That portion of the written record containing the substance of oral statements made by any defendant before or after arrest in response to interrogation by any person then known to the declarant defendant to be a government agent is enclosed.

3.   No defendant testified before the Grand Jury.

4.   The government is aware of no arrest and conviction records for defendant.

5.   Books, papers, documents, photographs, tangible objects, buildings or places which may be material to the preparation of any defendant's defense, which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belonging to any defendant are enclosed.

Because the investigation is ongoing, the enclosures provided with this discovery response are not necessarily copies of all of the books, papers, documents, etc., that the government may intend to introduce at trial. As

required by the Order, the government will undertake one or more supplemental productions as necessary.

6.      The government is aware of no scientific tests or experiments made in connection with this case.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The government will disclose any information or material that may be favorable to any defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.      The government will disclose to defendants any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the government at trial.

F.      Defendant was not identified by photographic lineup or other similar procedure.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendants of its intent, if any, to introduce during its case-in-chief, for impeachment, or for possible rebuttal, proof of evidence pursuant to Federal Rule of Evidence 404(b). You are hereby advised that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future production, may be offered in the trial of this cause, under Rule  404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      No defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all

witnesses who will testify for the government at the trial of this cause.

K.      There is no alleged contraband in this case.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      No government expert has identified fingerprints in this case.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

P.      The government will collaborate in preparation of a written statement or statements to be signed by counsel and the defendants, generally describing all discovery material exchanged and setting forth all stipulations entered into, and will cooperate to ensure compliance with the requirement that the statement be timely filed with the Court.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure Rule 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b), in accordance with Federal Rule of Criminal Procedure Rule 12.1, the government hereby demands Notice of Alibi Defense; the approximate time, date, and place of the offense was:      Please see Indictment.

The enclosures with this response are numbered 1-47. Please contact the undersigned Assistant United States Attorney if any item is missing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   s/Robert T. Watson
      Robert T. Watson
      Assistant United States Attorney
      Florida Bar No. 0679429
      E-mail: robert.watson4@usdoj.gov
      United States Attorney's Office
      99 Northeast 4th Street
      Miami, Florida 33132-2111
      Telephone: (305) 961-9043
      Facsimile: (305) 530-7976

cc:   Special Agent Carlos Ruiz
      Department of Homeland Security

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing (without enclosures) was electronically filed with the Clerk of the Court via CM/ECF on August 20, 2012, and that the foregoing (with enclosures) was served on that same day by electronic mail and first-class U.S. Mail on all counsel of record on the Service List below.

s/Robert T. Watson
Robert T. Watson
Assistant United States Attorney

Service List

**Daniel Ecarius**
Federal Public Defender's Office
150 West Flagler Street
Miami, FL 33130-1556
305-530-7000
Fax: 536-4559
Email: Daniel_Ecarius@fd.org
Attorney for defendant

5