UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20598-CR-UNGARO

UNITED STATES OF AMERICA

v.

JOSEF SEVER
_____/

**SENTENCING MEMORANDUM**

As the Court is aware, district courts are now free from the mandatory nature of the Federal Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). *See also, United States v. Ranum,* 353 F. Supp 2d 984 (E.D. Wis. 2005) (Adelman, J.) As one court put it: "The factors set forth in § 3553(a) f[a]ll into three general categories: *the nature of the offense, the history and character of the defendant, and the needs of the public and the victims of the offense*." *Ranum*, 353 F. Supp. 2d at 990 (stating that courts should analyze each category, including the advisory Guidelines) (Emphasis Added).

    A.    *The nature of the offense*

While one cannot minimize the seriousness of the offenses in this case, one can endeavor to put them in perspective.

As to Josef Sever voting in two elections, this was a misguided attempt to exercise a civic duty that he believed that he owed this country. He had no evil intent when he voted. He only wanted to be part of the country and do something good by voting in important elections. In the U.S. only about 48 percent of the eligible voters actually bother to vote in elections.[1] While it is true that

---

[1] http://en.wikipedia.org/wiki/Voter turnout.

he had no right to vote and that his was a vote that should not have been counted, his vote did not corrupt the system and did not make a difference as to who was elected. Even acknowledging that it was against the law for him to vote, no one was harmed as a result of Josef Sever's vote in those elections.

As for Josef Sever's misrepresenting his citizenship to purchase weapons, this is a crime and he should not have done this. However, there is no indication that Sever purchased those weapons with an evil intent to harm people with them. In fact, there is no allegation that anyone was harmed with any weapon that he purchased over the years. Instead, Mr. Sever is a gun enthusiast who greatly enjoyed target practice at legitimate gun ranges.[2] Therefore, while Mr. Sever lied to purchase firearms and this warrants punishment, the level of punishment should be proportioned to the harm actually done here.

As Mr. Sever stated in his Acceptance of Responsibility Statement, he understands now that his actions in this case were irresponsible and he is truly sorry.

  B.  *History and character of the defendant*

Mr. Sever, who is 53 years old and a Canadian citizen[3] is an extraordinary defendant. He speaks English, Spanish, German, French and Serbian fluently. PSI ¶ 53. He holds a Bachelor and a Masters of Science in Engineering. PSI ¶ 53. He also has a significant work history having worked as a manager for a several companies over the years. PSI ¶'s 55-57.

---

[2] On August 24, 2012, Federal Public Defender investigators interviewed Piroska Torok, owner of Hialeah Range and Gun Shop, Inc., who verified that Mr. Sever was a gun enthusiast who purchased rifles from her shop that he frequently utilized at her gun range.

[3] According to the U.S. Department of State website, Canadian citizens can come to the United States without a visa as participants in the Visa Waiver Program. http://travel.state.gov/visa/temp1305.html.

Mr. Sever has the history and character of someone who makes a positive contribution to his community.  Mr. Sever's pastor at the International Bible Center church where he is a member and the guitar player describes him as having "admirable character" and being "helpful to others."  *(See,* letters from International Bible Center church dated September 13, 2012 annexed hereto as Defendant's Exhibit 1.)

Additionally, in the working world Mr. Sever is highly regarded.  According to Sever's former supervisor at Brother International, where Mr. Sever worked for three years, Mr. Sever was found to "be a very loyal, honest, dependable, dedicated and trustworthy worker."  (*See* letter from former supervisor dated September 11, 2012 annexed hereto as Defendant's Exhibit 2*.) (See also,* letter from Charles W. Schultz, dated September 7, 2012*,* an attorney from Columbia who is a business associate of Mr. Sever annexed hereto as Defendant's Exhibit 3.)

Similarly, Mr. Sever's fiancé and business partner, Addy Patricia Cote, describes Sever as "very responsible, cultured, gentlemanly, measured, respectful, even-tempered, analytical and [an] honest person."(*See,* letter from Ms. Cote dated August 23, 2012, annexed hereto as Defendant's Exhibit 4.)

In fact, the offenses that Mr. Sever has accepted responsibility are unfortunate aberrations for a man who has generally led a good life and been an asset to his community.

    1.    *Serious Health Concerns*

Moreover, Mr. Sever has serious health concerns that should be considered as part of the analysis of an appropriate sentence in this case.  According to the records from the Federal Detention Center (FDC) in Miami, Mr. Sever has been diagnosed with type II diabetes (adult-onset) and hypertension.  PSI ¶ 50.  As a result of this medical condition, Mr. Sever requires a restricted diet

3

that does not include sugar and salt.  Unfortunately, the meals available at the FDC including the kosher meals do include high quantities of sugar and salt.  Despite several medical request, FDC has been unable to accommodate his needs for a special diet.  Consequently, Mr. Sever has experienced increasingly severe problems with his vision and his motor functioning.

   C.   *The needs of the public and the victims of the offense*

According to the PSI there are no identifiable victims in this case. PSI ¶ 6.  The government may argue that the United States' system of elections is the victim of this crime, but there is no evidence that Mr. Sever's voting corrupted the United States system of elections in Florida.  The needs of the public in having a system that does not include persons who should not be voting is a valid consideration for the court.  However, the prison time that Mr. Sever has already served in this case should be a strong deterrent to anyone who might contemplate voting when they are not entitled to vote.  Additional significant jail time is beyond what would be required to deter this type of conduct and protect the needs of the public.

Similarly, Mr. Sever's violation of the laws prohibiting making false statements in the acquisition of firearms and false impersonation of a United States citizen while problematic did not result in harm to anyone. PSI ¶ 6.  The public is served by these laws being followed because firearms generally can be a danger to the public and the public is protected if at least these minimal restrictions are enforced.  However, the most important concern is to keep firearms out of the hands of those who seek to harm other persons and that is not the case here.  Mr. Sever only wished to satisfy his enthusiasm for collecting these guns and going to the shooting range.  He was never a danger to the public with his firearms.

D.  *The Advisory Guidelines (Request for a downward variance to time served)*

Considering Josef Sever's offenses, his lack of criminal history, and his medical condition, his advisory guideline range in this case is severe.

Josef Sever is a 53 year old man who has been living in the United States since 1992 and had no criminal record. Based on his lack of criminal history, his employment history and his age, Josef Sever is not likely to engage in further criminal activity. Most importantly, the 18 U.S.C. § 3553 factors militate in favor of a below guidelines sentence. As discussed above Mr. Sever's generally positive history and character in addition to his medical problems support special consideration. In this case, Josef Sever submits that a sentence of time served[4] would be appropriate.

                                     Respectfully submitted,

                                     MICHAEL CARUSO
                                     FEDERAL PUBLIC DEFENDER
BY:   /s Daniel Ecarius
                                     Daniel Ecarius
                                     Supervisory Assistant Federal Public Defender
                                     Florida Bar No.  0719765
                                     150 West Flagler Street, Suite 1700
                                     Miami, Florida 33130-1556
                                     Tel:  (305) 530-7000/Fax: (305) 536-4559
                                     E-Mail: Daniel_Ecarius @fd.org

---

[4] Mr. Sever has been in federal custody since on or about August 1, 2012 or nearly 3.5 months as of his November 9, 2012 sentencing date.

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on, October 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              /s Daniel L. Ecarius
                                Daniel L. Ecarius