UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cr-20598-Ungaro

UNITED STATES OF AMERICA

v.

JOSEF SEVER,

             **Defendant.**
_____ /

## UNITED STATES OF AMERICA'S SUMMARY PRE-SENTENCING SUBMISSION

The United States respectfully submits this summary response to Defendant's Sentencing Memorandum ("Mem.") [ECF No. 19]. The Government opposes Defendant's request for a sentence of time served rather than a guidelines-range sentence of at least 12 months, for reasons to be argued in greater detail at the sentencing proceeding, including the following:

- Defendant purports to believe that "one cannot minimize the seriousness of the offenses in this case." Mem. at 1. He then goes on, however, to attempt to do just that. His arguments are unconvincing.

- On a day in which millions of Americans are renewing our democracy by exercising their fundamental right to vote and thereby to elect our nation's highest representatives, defendant proffers that his voting in two U.S. presidential elections "did not corrupt the system" because "no one was harmed as a result of [his] vote in those elections." Mem. at 2. He widely misses a crucial point. As the Supreme Court has explained, "When the state legislature vests the right to vote for President in its people, the right to vote … is fundamental; and one source of its fundamental nature lies in the equal weight accorded to each vote and the equal dignity owed to each

voter." Bush v. Gore, 531 U.S. 98, 104 (2000). By voting as a non-citizen, defendant effectively nullified the vote of a U.S. citizen. This form of disenfranchisement is no different in effect than had the defendant stood at the polling place door and denied access to a U.S. citizen. Surely, corruption of the system takes place whenever a citizen is disenfranchised, even when it "did not make a difference as to who was elected." Mem. at 2. Indeed, the very right to vote – regardless of the effect one's vote has on the outcome – is so important that millions of people in this District have been willing over the past ten days or so to wait for hours to exercise it and not be disenfranchised. Mere threats of infringement of that right have led to federal lawsuits seeking emergency relief, as this Court well knows. See The Florida Democratic Party v. Secretary of State, State of Florida, et al., Case No. 12-cv-24000-Ungaro (filed Sunday, November 4, 2012) (seeking emergency injunctive relief "to allow Florida electors a meaningful opportunity to cast their votes during the early voting period of the November 6, 2012, general election"). Defendant appears to believe that historically low voter turnout in this country somehow makes his conduct less bad -- as if the fact that many U.S. citizens have failed to exercise their right to vote somehow partially excuses his stepping up to the plate to do it for them. Mem. at 1. This logical is perverse. Indeed, the lower the voting rate by U.S. citizens was, the greater percentage of the total votes cast defendant's illegal vote represented. "It must be remembered that 'the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." 531 U.S. at 105 (quoting Reynolds v. Sims, 377 U.S. 533,

555 (1964)). In sum, Defendant's attempts to minimize the malevolence of his illegal voting is offensive, and the Court should reject his arguments outright.

- Similarly, whether the defendant "purchased those weapons with an evil intent to harm people" or whether "there is no allegation that anyone was harmed with any weapon that he purchased over the years," Mem. at 2, in violation of the law is quite beside the point. If he had harmed people, the defendant would be facing more severe charges and much more serious potential punishment. He was charged with and admitted he was guilty of knowingly making a false statement to a federally licensed firearms dealer. See Factual Proffer (ECF No.16). In felon-in-possession cases, whether the defendant harmed anyone with the weapon he possessed is above and beyond the relevant inquiry. The crime is possession, and the corresponding punishment is based thereupon. Likewise here: the guidelines take into account the nature of the offense (the false statements) and provide for an appropriate punishment therefore.

WHEREFORE, the United States respectfully submits that the Court, after applying the factors set forth at Title 18, United States Code, Section 3553, should sentence the defendant to no less than a low-end guidelines-range sentence of 12 months' imprisonment.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: s/Robert T. Watson
Robert T. Watson
Assistant United States Attorney
Florida Bar No. 0679429
E-mail: robert.watson4@usdoj.gov
United States Attorney's Office
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9043
Facsimile: (305) 530-7976

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF on Election Day, November 6, 2012, and thereby served on all counsel of record on the Service List below.

s/Robert T. Watson
Robert T. Watson

Service List

**Daniel Ecarius**
Federal Public Defender's Office
150 West Flagler Street, Suite 1700
Miami, FL 33130-1556
305-530-7000
Fax: 536-4559
Email: Daniel_Ecarius@fd.org
Attorney for defendant